UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      v.                                                           07-cr-0275

GILBERTO ALDANA-BARRERA,

                                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Defendant Gilberto Aldana-Barrera was Indicted on one Count of violating 18 U.S.C. § 758 (high speed flight from an INS checkpoint) (Count One) and one Count of violating 8 U.S.C. § 1325(a)(2) (entry without inspection) (Count Two). Currently before the Court is Defendant's motion to dismiss Count One on the ground that there is an absence of an element of the charged offense.

        Section 758 of Title 18 of the United States Code provides that "[w]hoever flees or evades a checkpoint operated by the Immigration and Naturalization Service, or any other Federal law enforcement agency, in a motor vehicle and flees Federal, State, or local law enforcement agents in excess of the legal speed limit shall be fined under this title, imprisoned not more than five years, or both." To convict Defendant, the government must prove beyond a reasonable doubt that, among other things, Defendant drove at a rate "in excess of the legal speed limit." United States v. Clemente E., 392 F.3d 1164, 1165 (10th Cir. 2004).

Defendant seeks dismissal of Count One claiming that the physical evidence conclusively demonstrates that he was driving 41.93 miles per hour, which is below the legal speed limit. Accordingly, Defendant claims that the government will be unable to establish one of the elements of the offense - driving in excess of the legal speed limit. In support of the motion, Defendant claims that: (1) the legal speed limit on Route 276 is 55 miles per hour; (2) according to video footage supplied by the government, Defendant passed the granite pillar that marks the United States-Canadian border at 21:11:40; (3) Defendant passed the "Welcome to New York" sign just south of the border point of entry at 21:11:44; (4) the distance between the pillar and the sign is 246 feet; and (5) based on mathematical calculations concerning the distance between the granite pillar and the sign and the time that elapsed between Defendant's passing these two landmarks, his speed can be calculated to be 41.93 miles per hour.

The government responds that: (1) Defendant was fleeing Canadian authorities at high rates of speed (approximately 90 m.p.h.): (2) the speed limit on the Canadian side of the border (Provincial Route 221) is approximately 31 m.p.h.; (3) the posted speed limit on Route 276 near the point of entry is 55 m.p.h.; (4) there are orange cones, stop signs, and other traffic control devices at the point of entry indicating that drivers are to stop for customs and immigration inspection; (5) there are no speed limit signs specific to the point of entry; (6) New York State Trooper B. Raybrook reviewed the surveillance video and determined that Defendant was driving approximately 70 m.p.h through the point of entry; (7) a conclusion that Defendant drove at a high rate of speed is supported by evidence that Defendant did not stop as required and orange traffic cones were knocked over; (8) Defendant improperly calculated the distance between the granite pillar and the "Welcome to New York" sign (the

government contends that "the distance measured by Defendant as a straight line is not, in fact, a straight line"); and (9) Defendant's speed at the point of entry violated N.Y. Veh. & Traffic Law § 1180(a).

For the following reasons, Defendant's motion is denied.  First, the distance between the granite pillar and the "Welcome to New York" sign has not been conclusively established.  It is unknown whether Defendant's investigator properly calculated this distance.

Second, there is no information before the Court that the time indicated on the video surveillance tapes is accurate.

Third, there is no evidence, admissible in form, concerning the posted speed limit on Route 276 or at the point of entry.

Fourth, N.Y. Vehicle and Traffic Law § 1180(a) provides that "[n]o person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing."  Looking at the photographic exhibits submitted by the parties, it appears that southbound Route 276 or Provincial Route 221 has a series of traffic cones and other traffic control devices directing traffic off the main road and over to the border checkpoint.  It may reasonably be concluded that traveling through this area at 41.93 miles per hour (or some other speed) was not reasonable and prudent under the conditions and, therefore, is in excess of the legal speed limit.  Because a violation of § 1180(a) is a speeding violation, see County of Nassau v. Canavan, 303 A.D.2d 355, 356 (2d Dep't 2003) (noting that a violation of §1180(a) is "speeding"), a person who flees or evades a checkpoint at a speed that is not reasonable and prudent under the circumstances may satisfy § 758's requirement that any such flight or evasion be done in

"excess of the legal speed limit." Cf. United States v. Clemente E., 392 F.3d 1164 (10th Cir. 2004) (running immigration checkpoint's stop sign did not constitute fleeing in excess of the legal speed limit because, under New Mexico law, speeding and running a stop sign are two different offenses and a stop sign does not create a "speed limit.")

For the foregoing reasons, Defendant's motion to dismiss Count One is DENIED. IT IS SO ORDERED.

Dated:  October 17, 2007

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge